USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT,

                Plaintiff,

- against -

A.D. and N.D., INDIVIDUALLY AND ON BEHALF OF J.D., A MINOR,

                Defendants.
------------------------------------------x

16-CV-02025
(TPG)

**OPINION**

This court considers cross-motions for summary judgment filed under the Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1415 (2012), in response to a January 4, 2016 decision by a State Review Officer ("SRO"). Plaintiff files a motion for summary judgment requesting reversal of the SRO's decision that it failed to provide the defendant child with a free and appropriate public education ("FAPE") as required by the IDEA. ECF No. 20, at 5. Defendants have filed a cross-motion for summary judgment, asking the court to affirm the decision of the SRO. ECF No. 25, at 4-5. The court grants defendants' motion for summary judgment on both issues and affirms, in full, the SRO decision.

**BACKGROUND**

**I.    IDEA Administrative Procedures**

Plaintiff filed this case pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-82 (2012). States receiving funds pursuant to the IDEA must provide qualifying children with a free and

1

appropriate public education ("FAPE"). *Id.* § 1412(a)(1). In order to accomplish this, school districts must implement an individualized education program ("IEP") for each qualifying child. *Id.* § 1414(d). In New York, a state Committee on Special Education ("CSE") convenes and works together with the child's parents to create an appropriate IEP. *Id.* § 1414(d)(1)(A)-(B); N.Y. Educ. Law § 4402 (McKinney 2017); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.3 (2017).

In the state of New York, if a parent believes that the IEP does not comply with the IDEA, state laws and regulations set out procedures to challenge the adequacy of the IEP, including filing a due process complaint and initiating due process hearings. 20 U.S.C. §§ 1221e-3, 1415(e)-(g); N.Y. Educ. Law § 4404(1); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i)-(l). The parent must first file a complaint with an Impartial Hearing Officer ("IHO"), and a notice to the other party, specifying "the nature of the problem of the student relating to such proposed or refused initiation or change, including facts relating to such problem." N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(i)(1)(iv). The IHO then conducts a hearing on the issues specified in the complaint and notice. N.Y. Educ. Law § 4404(1)(a); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j). The school district has the burden of proving that that the IEP was adequate. *See F.O. v. N.Y.C. Dep't of Educ.*, 976 F. Supp. 2d 499, 506 (S.D.N.Y. 2013); *see also* N.Y. Educ. Law § 4404(1)(c).

The party requesting the hearing "shall not be allowed to raise issues at the impartial due process hearing that were not raised in the notice." N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(j)(1)(ii). Thus, "there is a statutory bar to the IHO

2

considering issues not raised in the demand for a due process hearing, absent the district's or IHO's consent to a timely amendment." *M.R. v. S. Orangetown Cent. Sch. Dist.*, No 10-civ-1800 (CS), 2011 WL 6307563, at *13 (S.D.N.Y. Dec. 16, 2011). If the district, however, raises a claim or elicits testimony regarding a claim not included in the initial complaint, an IHO may find that the district "opened the door" to that claim. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012); *P.G. v. N.Y.C. Dep't of Educ.*, 959 F. Supp. 2d 499, 515 (S.D.N.Y. 2013). The mere fact that the district has the burden of demonstrating FAPE does not permit out-of-scope claims, unless the plaintiff is given a chance to respond to those claims. *M.H.*, 685 F.3d at 250-51.

After the IHO issues a decision, either party may appeal the case to a State Review Officer ("SRO"), who reviews the IHO decision and may reverse or modify it. N.Y. Educ. Law § 4404(2); N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k). The SRO is also limited to deciding on the claims in the due process complaint. *See A.M. ex rel. Y.N. v. N.Y.C. Dep't of Educ.*, 964 F. Supp. 2d 270, 282 (S.D.N.Y. 2013); *B.P. v. N.Y.C. Dep't of Educ.*, 841 F. Supp. 2d 605, 611 (E.D.N.Y. 2012) ("The scope of the inquiry of the IHO, and therefore the SRO . . . is limited to matters either raised in the Plaintiff's impartial hearing request or agreed to by Defendant."). After the SRO issues a decision, the IDEA permits either party to challenge the decision in state or federal court. 20 U.S.C. § 1415(i)(2)(A); N.Y. Educ. Law § 4404(3).

## II. Facts

J.D. is a fifteen-year-old student with behavioral and emotional difficulties, and with diagnoses including attention deficit hyperactivity disorder. ECF No. 21, at 2; ECF No. 25, at 6. J.D. was referred to the CSE and on June 24, 2014, J.D.'s parents, A.D. and N.D., met with the CSE to initiate an IEP in the Mamaroneck Union Free School District ("District"). ECF No. 21, at 3; ECF No. 25, at 9. The CSE considered J.D. to have an "other health impairment" and recommended that J.D. start a daily, 45-minute resource room program where he would be counseled in a group with four other students. ECF No. 21, at 3; ECF No. 25, at 9. The "comments" section of the IEP also referenced the CSE's recommendation that J.D. receive "counseling support," but did not specify what this counseling would entail. ECF No. 10, at 3; ECF No. 21, at 4. Further, due to a clerical error, the IEP did not include a formal provision for counseling support. ECF No. 10, at 3; ECF No. 21, at 4.

Unhappy with the IEP, J.D.'s parents decided to enroll J.D. in a residential school for the 2014-2015 school year. ECF No. 21, at 4; ECF No. 24, at 8. They believed that the IEP did not adequately address J.D.'s emotional needs, and on August 25, 2014, sent a letter to the District rejecting the IEP recommendation. ECF No. 21, at 4; ECF No. 24, at 8. J.D.'s parents decided to enroll him in Cherry Gulch School in Boise, Idaho ("Cherry Gulch"). ECF No. 21, at 4; ECF No. 24, at 8. Cherry Gulch is an out-of-state, nonpublic, therapeutic residential boarding school, and is not a state-approved school. ECF No. 21, Ex. A, at 3 n.2. The

August 25 letter informed the District that J.D.'s parents would be unilaterally placing J.D. at Cherry Gulch School. ECF No. 21, at 4; ECF No. 24, at 8.

On September 5, 2014, Dr. Anthony Minotti, the District's assistant superintendent for student support services, requested that J.D.'s parents "further elaborate" on the problems in J.D.'s IEP. ECF No. 21, at 4; ECF No. 24, at 8. J.D.'s parents responded via a letter dated September 12, 2014, and subsequently, on October 14, 2014, met with Minotti to discuss the inadequacies. ECF No. 21, at 5-6; ECF No. 24, at 9.

### III. Procedural History

On January 5, 2015, J.D.'s parents, defendants in the current action, filed a complaint requesting a hearing before an IHO. ECF No. 21, at 6; ECF No. 24, at 9. The due process complaint stated that the IEP was "insufficient and inadequate to meet [J.D.]'s needs" and "the minimal amount of services being offered could not adequately address the pervasive behavioral and emotional issues impacting every aspect of [J.D.]'s school functioning." ECF No. 21, at 6-7.

For six days between April 21, 2015 and July 8, 2015, an impartial hearing was conducted before IHO Martin Schiff. See ECF No. 21, Ex. B. In its opening statement, the District, plaintiff in the current action, stated that the IEP was adequate because it provided "meaningful educational benefit" through both the resource room services and "additional related services of counseling." ECF No. 21, at 7-8; ECF No. 23, at 9. During the hearings, plaintiff also called Dr. Cecilia Anon, who testified regarding the nature of the counseling that would have been provided to J.D. ECF No. 21, at 9-11; ECF No. 21, Ex. B, at 5-6. She stated that

5

she would have "worked to building more of a rapport with [J.D.]" and then, if necessary, would have "transition[ed] him into seeing [her] individually." ECF No. 21, at 11.

On October 19, 2015, IHO Schiff issued his decision, finding that the plaintiff had provided J.D. with FAPE for the 2014-15 school year. ECF No. 21, Ex. B, at 19. The IHO specifically held that the resource room and counseling services under the IEP, as elaborated by the plaintiff's witnesses, were adequate for J.D.'s needs. ECF No. 21, Ex. B, at 18-19. The IHO found that plaintiff was not required to reimburse defendants for tuition at Cherry Gulch. ECF No. 21, Ex. B, at 19.

Defendant parents appealed the IHO decision, and on January 4, 2016, SRO Carol Hauge denied the IHO decision in part and sustained it in part. ECF No. 21, Ex. A, at 24. The SRO found that plaintiff had denied J.D. of FAPE for the 2014-2015 school year, and that plaintiff should reimburse defendants for the cost of the non-residential portion of the tuition at Cherry Gulch. ECF No. 21, Ex. A, at 24. The SRO made this determination based on the fact that "a counseling recommendation does not appear on the IEP," that there was "insufficient evidence in the record as to what the CSE's specific counseling recommendation was," and there was no "additional information regarding the exact nature of the CSE's recommendation," resulting in failure to comply with state and federal regulations requiring specificity in the IEP. ECF No. 21, Ex. A, at 14. Thus, the SRO found, the IEP did not "adequately address the student's social [or] emotional needs." ECF No. 21, Ex. A, at 15.

Following the SRO decision, plaintiff filed the instant action alleging that the SRO erred as a matter of fact and law in finding that plaintiff did not provide J.D. with FAPE. ECF No. 10, at 7-10; ECF No. 20, at 5. Plaintiff claims that the SRO's decision was based on a misinterpretation of the law regarding two issues: (1) whether the plaintiffs "opened the door" to a claim for lack of counseling services in the IEP and (2) whether the testimony offered by Dr. Anon should be considered "retrospective." ECF No. 10, at 7-10. On April 3, 2017, plaintiff filed a motion for summary judgment asking that the court reinstate and affirm the IHO decision. ECF No. 20, at 6. Defendants then filed a cross-motion for summary judgment on the same issues, asking the court to affirm the SRO decision. ECF No. 25, at 5.

## STANDARD OF REVIEW

Although the parties have filed for summary judgment, motions for summary judgment in the context of the IDEA differ from typical motions for summary judgment under Federal Rule of Civil Procedure 56. When parties file for summary judgment in a case arising under the IDEA, courts consider this motion "in substance an appeal from an administrative determination, not summary judgment." *Scott ex rel. C.S. v. N.Y.C. Dep't of Educ.*, 6 F. Supp. 3d 424, 434 (S.D.N.Y. 2014) (quoting *Lillbask ex rel. Mauclaire v. Conn. Dep't of Educ.*, 397 F.3d 77, 83 n.3 (2d Cir. 2005)). Even if the court finds that there is a genuine dispute of material fact, this does not defeat a motion for summary judgment in an IDEA case—the court must independently review the administrative record and make its holdings based on a preponderance of the evidence. *See id.* Motions

to dismiss are functionally a "procedural mechanism for reviewing administrative decisions." *M.W. ex rel. S.W. v. N.Y.C. Dep't of Educ.*, 725 F.3d 131, 138-39 (2d Cir. 2013) (quoting *T.P. ex rel. S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009) (per curiam)).

Although the court makes an independent, *de novo* determination based on a preponderance of the evidence, courts review the IHO and SRO decisions with a high degree of deference. *See C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014). Thus, "[t]he responsibility for determining whether a challenged IEP will provide a child with an appropriate public education rests in the first instance with administrative hearing and review officers." *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 240 (2d Cir. 2012) (quoting *Walczak v. Fla. Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir. 1998)); *see also Gagliardo v. Arlington Central School Dist.*, 489 F.3d 105, 113 (2d Cir. 2007) ("[F]ederal courts reviewing administrative decisions must give 'due weight' to [IHO and SRO] proceedings, mindful that the judiciary generally 'lack[s] the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 208 (1982))); *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir. 2005) ("In reviewing the administrative proceedings, it is critical to recall that IDEA's statutory scheme requires substantial deference to state administrative bodies on matters of educational policy."). Federal courts do not make credibility determinations and give substantial weight to the IHO and SRO's substantive findings. *M.H.*, 685

F.3d at 240 (2d Cir. 2012); *Scott ex rel. C.S. v. N.Y.C. Dep't of Educ.*, 6 F. Supp. 3d 424, 435 (S.D.N.Y. 2014).

When the IHO and SRO decisions conflict, federal courts defer to the SRO's decision as long as it is well-reasoned and supported by the record. *C.F. ex rel. R.F. v. N.Y.C. Dep't of Educ.*, 746 F.3d 68, 77 (2d Cir. 2014) (citing *M.H.*, 685 F.3d at 244). The quality of the SRO decision determines how much deference a court will afford it. *See C.S.*, 6 F. Supp. 3d at 435. If the court determines that the SRO's decision is not sufficiently reasoned or supported by the record, the court may defer to the IHO's findings regardless of the SRO's reversal. *M.H.*, 685 F.3d at 241; *C.S.*, 6 F. Supp. 3d at 436. This is true especially where the IHO's decision is "more thorough and carefully considered." *C.S.*, 6 F. Supp. 3d at 436.

## DISCUSSION

Plaintiff claims that the SRO erred as a matter of law in holding that (1) plaintiff "opened the door" to a claim for lack of counseling and (2) the IHO erred in allowing testimony detailing counseling services that weren't specified in the IEP. ECF No. 10, at 7-10. Plaintiff moves for summary judgment on these claims, and requests that the court reverse the SRO decision and reinstate the IHO decision. ECF No. 20, at 5. Defendants file a cross-motion for summary judgment on the same issues, asking the court to uphold the SRO decision. ECF No. 25, at 4-5.

### I. Opening the Door

The court must first determine, as a threshold issue, whether the SRO properly determined that plaintiff "opened the door" to the argument that the

9

"counseling services" listed in the IEP were not sufficiently specific. In the Second Circuit, it is unclear whether a party's failure to raise a claim in its due process complaint has the effect of waiving the claim entirely. *See J.M. v. N.Y.C. Dep't of Educ.*, 171 F. Supp. 3d 236, 252 n.16 (S.D.N.Y. 2016) (comparing cases). Although there is disagreement as to waiver, courts in the Second Circuit have found that, regardless of whether a party fails to include a claim in the initial due process complaint, the opposing party may "open the door" to the claim during the hearing by addressing the claim. *See, e.g., M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 244 (2d Cir. 2012); *Scott ex rel. C.S. v. N.Y.C. Dep't of Educ.*, 6 F. Supp. 3d 424, 438-39 (S.D.N.Y. 2014); *P.G. v. N.Y.C. Dep't of Educ.*, 959 F. Supp. 2d 499, 515 (S.D.N.Y. 2013); *D.N. v. N.Y.C. Dep't of Educ.*, 905 F. Supp. 2d 582, 588 n.6 (S.D.N.Y. 2012).

Courts have found that a party has "opened the door" to an issue that wasn't raised in the original due process complaint if it raises the issue during the hearing and the issue comprises a large part of the testimony presented at the hearing. *See M.H.*, 685 F.3d at 250-51; *A.M. ex rel. Y.N. v. N.Y.C. Dep't of Educ.*, 964 F. Supp. 2d 270, 283 (S.D.N.Y. 2013); *P.G.*, 959 F. Supp. 2d at 515 (finding that a party may "open the door" to an issue not included in an initial due process complaint when the party raises the issue in their opening statement and elicits testimony regarding the issue on direct examination).

Plaintiff alleges that the SRO erred in finding that it "opened the door" to the claim that the IEP failed to include counseling services. Plaintiff, however, raised the issue in the due process hearings—plaintiff elicited testimony from

10

the school psychologist, Dr. Anon, regarding how the counseling services would have worked as well as how the counseling support recommendations would be implemented. *See* ECF No. 21, Ex. A, at 13. Even if plaintiff did object to defendants raising the claim during their opening statement, ECF No. 21, at 8-9, plaintiff's subsequent inclusion of the psychologist's testimony would have "opened the door" to this claim. The testimony regarding counseling services composed a significant portion of testimony during the hearing, opening the door to this issue. *See M.H.*, 685 F.3d at 250-51; *P.G.*, 959 F. Supp. 2d at 515.

Further, the SRO's decision with respect to this issue was well-reasoned and grounded in the record. The SRO described, in detail, how discussion of the claim became integrated into the due process hearing. ECF No. 21, Ex. A, at 13. Reviewing the opening statements and testimony, the SRO found that "the district raised an issue, not preserved in the due process complaint notice, in order to defend the IEP" and that "where the district raised the issue for a strategic advantage, the parents are not barred" from raising this complaint. ECF No. 21, Ex. A, at 13. Thus, the court finds, in light of both the well-reasoned SRO decision and an independent review of the record, that plaintiff did in fact "open the door" to the complaint that the IEP did not include counseling services. The court grants defendants' motion for summary judgment and affirms the SRO's decision with respect to this issue.

## II. Counseling Service Testimony

The Second Circuit follows the majority view that an IEP must be evaluated prospectively, based on the information available to the parties at the time of

11

drafting. *See R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 186 (2d Cir. 2012); *F.O. v. N.Y.C. Dep't of Educ.*, 976 F. Supp. 2d 499, 517 (S.D.N.Y. 2013). While an IHO or SRO may rely on testimony describing a service listed in the IEP or its methodology, it may not rely on testimony regarding additional services absent from the IEP. *F.O.*, 976 F. Supp. 2d at 517 ("An SRO 'may rely on testimony that describes both an IEP's recommended method and why it was appropriate, or testimony explaining how an IEP recommended service operates' . . . [but] the SRO may not rely on 'retrospective testimony that the school district would have provided additional services beyond those listed in the IEP.'" (internal citations and quotations omitted) (quoting *T.B. v. Haverstraw-Stony Point Cent. Sch. Dist.*, 933 F. Supp. 2d 554, 575 n.12 (S.D.N.Y. 2013), and *R.E.*, 694 F.3d at 186)). Although there is no firm "four corners" rule that would prohibit all testimony outside the face of the IEP, testimony must be limited to a description or elaboration of services already listed and known at the time that the IEP was created. *R.E.*, 694 F.3d at 186-87.

In the current case, Dr. Anon's testimony went beyond elaboration or explanation of services listed on the IEP. As the plaintiff has admitted, the IEP failed to formally list counseling services on its face due to clerical error. ECF No 21, at 4. It only made a reference to "counseling support" in a comments section of the IEP. ECF No. 21, at 4. Further, as the SRO opinion notes, there is no indication that the counseling services were further discussed with the defendants in any meetings with the CSE. ECF No. 21, Ex. A, at 14-15. There was "insufficient evidence in the record as to what the CSE's specific counseling

recommendation was" at the time that the IEP was created, and there were no meeting minutes or notes as to whether these counseling services were discussed beyond the passing reference in the "comments" section of the IEP. ECF No. 21, Ex. A, at 14.

Because the IEP did not recommend formal counseling services, elaborating on counseling services that J.D. *would have* received, without any indication that these services were discussed and included in the IEP, is retrospective evidence. The SRO's findings with respect to this issue are also well-reasoned and grounded in the record. Based on these considerations, the court also grants summary judgment for the defendants on this issue and affirms the SRO opinion.

## CONCLUSION

For the reasons given above, the court grants defendants' summary judgment motion and affirms the SRO decision in full. This opinion resolves the pending motions numbered 19 and 22 on the Docket, and the Clerk of Court is respectfully requested to close this case.

SO ORDERED

Dated: New York, New York
October 5, 2017

_____
Thomas P. Griesa
U.S. District Judge